UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ROBERT BARD                                                    CV

                            Plaintiff,

        -against-                                          **COMPLAINT**

322 EAST 57TH STREET, INC., MR. CHOW NEW          **JURY TRIAL REQUESTED**
YORK ENTERPRISES, INC. AND TC
VENTURES, LLC

                        Defendants.

-----------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Robert Bard (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Complaint in this action against Defendants 322 East 57th Street, Inc., Mr. Chow New York Enterprises, Inc. and TC Ventures, LLC (together referred to as "Defendants"), hereby alleges as follows:

## <u>NATURE OF THE CLAIMS</u>

1.     This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"").  As explained more fully below, Defendants own, lease,

1

lease to, operate, and control a place of public accommodation that violates the above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, Defendants made a calculated, but unlawful, decision that customers with disabilities are not worthy. The day has come for Defendants to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is in this district.

## PARTIES

5.      Defendant 322 East 57th Street, Inc. owns the property located at 324 East 57th Street in New York County, New York (hereinafter referred to as "324 East 57th Street").

6.       At all relevant times, defendant Mr. Chow New York Enterprises, Inc. and TC Ventures, LLC leases property located at 324 East 57th Street from the defendant 322 East 57th Street, Inc..

7.      At all relevant times, defendant Mr. Chow New York Enterprises, Inc. and TC Ventures, LLC has and continues to operate a restaurant at 324 East 57th Street doing business as Mr. Chow's (hereinafter referred to as the "Mr. Chow's" premises).

8.      TC Ventures, LLC holds the liquor license for Mr. Chow's and is involved with operating the restaurant.

9.      Each defendant is licensed to and does business in New York State.

10.     Upon information and belief, 322 East 57th Street, Inc. and Mr. Chow New York Enterprises, Inc. and TC Ventures, LLC have a written lease agreement.

11.     Upon information and belief, Defendants Mr. Chow New York Enterprises, Inc. and TC Ventures, LLC are related companies under common control.

12.     At all times relevant to this action, Plaintiff Dr. Robert Bard has been and remains currently a resident of New York, New York.

13.     At all times relevant to this action, Dr. Robert Bard has been and remains a person who uses a walker for mobility.  Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

14.     Dr. Robert Bard is a disabled US Air Force veteran, having served in military hospitals in Thailand and Laos in the early 1970's.

15.     Dr. Robert Bard is internationally recognized in the field of 3D DOPPLER ULTRASOUND IMAGING to detect cancers (in organs including the breast, prostate, skin, thyroid, melanoma and other areas). As a certified diagnostic radiologist, Dr. Bard evolved his practice to pursue non-invasive 3D imaging with ultrasound, MRI and laser technologies.

16.     Mr. Chow's restaurant is located a few blocks away from Dr. Bard's medical practice (located at 121 East 60th Street in Manhattan) and his residence.

17.     Mr. Chow's offers a high-end Chinese dining experience with an iconic upscale ambiance and attentive service.

18.     Plaintiff loves Chinese food and enjoys dining out at Chinese restaurants.

19.     Plaintiff especially enjoys high-end Chinese dining experiences and Plaintiff believes that Mr. Chow's restaurant is the best high-end Chinese restaurant near his office and residence.

20.     Plaintiff has dined at Mr. Chow's in the past and, most recently, in January 2026, Plaintiff dined at Mr. Chow's.

21.     Plaintiff had great difficulty entering Mr. Chow because of architectural barriers including a step at the entrance and inaccessible and heavy doors.

22.     Once inside, Plaintiff experienced more architectural barriers due to a flight of stairs leading down to the dining tables.

23.     Mr. Chow offers no accessible means of vertical access from the ground floor to the lower dining floor.

4

24.    Plaintiff had great difficulty traversing the steps down to the dining tables and great difficulty traveling back up the stairs to exit.

25.    Despite the architectural barriers, Plaintiff enjoyed his meal and felt that his vegetable dish was one of the best that he has had in a while.

26.    Plaintiff desires to return again to Mr. Chow's restaurant.

27.    But Plaintiff is deterred from returning to Mr. Chow's restaurant because of the above-mentioned architectural barriers.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

28.    Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Mr. Chow's premises located at 324 East 57th Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

29.    The Mr. Chow's premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

30.    Numerous architectural barriers exist at the Mr. Chow's premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

31.    Upon information and belief, at some time after January 1992, alterations were made to 324 East 57th Street, including areas adjacent and/or attached to 324 East 57th Street.

32. Upon information and belief, at some time after January 1992, alterations were made to the Mr. Chow's premises, and to areas of 324 East 57th Street related to the Mr. Chow's premises.

33. The services, features, elements and spaces of the Mr. Chow's premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

34. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Mr. Chow's premises that are open and available to the public.

35. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

36. An entrance with steps is no different than a sign informing people with disabilities to "keep out." *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to people with disabilities).

37.     Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Mr. Chow's premises as well as architectural barriers that exist include, but are not limited to, the following:

I.   Defendants do not provide an accessible public entrance.  See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1.

II.  Defendants fail to provide that at least 50% and/or 60% of all its public entrances are accessible.  See 1991 Standards § 4.1.3.8(a)(i); and 2010 Standards §§ 206.4.1, and 404.

III. Defendants fail to provide that each and every public entrance is accessible. See BCCNY § 1105.1.

IV.  The primary entrance to Defendants' public accommodation is not accessible.  See Administrative Code §§ 27-292.5(a) and 27-357(d).

V.   Defendants fail to provide an accessible route to the primary entrance from the sidewalk and/or street.  See Administrative Code § 27-292.5(b).

VI.  Defendants do not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance that coincides with the general circulation path used by patrons to the public accommodation thereby relegating plaintiff to a "second class citizen" entrance and exit.  See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

VII. At the inaccessible public entrance, defendants do not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible entrance.  See 1991 Standards §§ 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

VIII. Defendants have an inaccessible public entrance and fail to provide and display the International Symbol of Accessibility at a designated accessible entrance.  See 1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

IX.  Defendants fail to provide accessible entrances in a number at least equivalent to the number of exits required by the New York Building and Fire Codes.  See 1991

Standards §§ 4.1.3(8)(a)(ii), 4.1.3(9), 4.3.10; 2010 Standards § 207.1; and Administrative Code §§ 27-354 and 27-365.

X. Defendants fail to provide that an accessible route from the primary entrance to the entire interior is equivalent to the route afforded to the non-disabled. See Administrative Code § 27-292.5(b).

XI. Defendants fail to provide at least two accessible door openings leading to two independent and accessible exits from the public accommodation. See Administrative Code §§ 27-365 and 27-366.

XII. The property owner defendant failed to provide an accessible entrance to the tenant defendant. See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5, 404; Administrative Code § 27-362; and BCCNY § 1105.1.6.

XIII. Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the non-automatic door entrance. See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

XIV. Defendants fail to provide that no changes in level exist inside the required minimum maneuvering clearance at the ground space in front of the public entrance door. See 1991 Standards§§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010 Standards §§ 305.2, 302, 304.2, 404.2.4.4.

XV. Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the non-automatic door exit. See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

XVI. Defendants' doors require more than five pounds of force to open. See 1991 Standards § 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9.

XVII. Defendants fail to provide at least 32 inches of clear opening width, measured from the face of the door to the stop with the door open at a ninety-degree angle.. See 1991 Standards §§ 4.13.4, 4.13.5, 4.1.3(7); 2010 Standards §§ 206.5.2, 404.2.3; BCCNY § 1107.6.1.3; and Administrative Code § 27-371(e).

XVIII. Defendants' entrance has two doors in a series that lack 48 inches of clear floor space between them when opened. See 1991 Standards § 4.13.7; and 2010 Standards § 404.2.6.

XIX. Defendants fail to provide that the threshold for defendants' door is less than one-half inch. See 1991 Standards §§ 4.l.3(7), and 4.13.8; and 2010 Standards §§ 403.4, 303.

XX. Defendants fail to provide a threshold for Defendants' door is less than ¼ inch vertical and ½ inch beveled with a slope more than 2:1. See 1991 Standards § 4.13.8; 2010 Standards § 404.2.5; and BCCNY ANSI/A117.1 -2003 § 404.2.4.

XXI. Defendants fail to provide that changes in level greater than 1/2-inch high are ramped. See 1991 Standards § 4.3.8; 2010 Standards § 303.4; and BCCNY ANSI/A117.1 -2003 § 303.3.

XXII. Defendants fail to provide an accessible public toilet room. See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

XXIII. At the inaccessible public toilet room, defendants do not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible public toilet room. See Standards §§ 4.1.6(3)(e)(iii), 4.1.3(16)(a), 4.1.2(7), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.3, 216.8, 703, 703.7.2.1; BCCNY § 1110.1.

XXIV. Defendants do not provide and display the International Symbol of Accessibility alongside the toilet room door at the latch side between 48 and 60 inches above the finished floor. See Standards § 4.1.2(7)(d), 4.1.3(16)(a), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.2, 216.3, 216.8, 703.7.2.1, 703.

XXV. The public toilet room is not located on the main floor of defendants' dining room and restaurant. See Administrative Code §§ 27-292.5(g)

XXVI. Defendants fail to provide the minimum required maneuvering clearance of level and clear floor space inside the toilet room. See 1991 Standards §§ 4.16.2, 4.17.3, 4.23.3, 4.22.3; and 2010 Standards §§ 604.3, 604.8.1.1; and Administrative Code §§ 27-292, RS-16, and P104.09(c).

XXVII. Defendants fail to provide that the minimum required floor space free of obstructions and/or fixtures exists inside the toilet room. See 1991 Standards § 4.16.2, 4.23.3, 4.22.3; and 2010 Standards § 604.3.2.

XXVIII. Defendants fail to provide the minimum required turning diameter of 60 inches of level and clear space inside the toilet room. See 1991 Standards § 4.2.3; 4.23.3, 4.22.3; and 2010 Standards §§ 603.2.3, 304.

XXIX. Defendants fail to provide accessible vertical access to all the floors of the restaurant. 42 U.S.C. § 12183(b); and 28 C.F.R. §§ 36.404(a) and 36.401(d)(2).

XXX. Defendants fail to provide access to all levels of the restaurant open to the public, and no accessible means of vertical access is provided to all levels. See 1991

Standards §§ 4.1.3, 4.1.6; and the 2010 Standards §§ 206.2.2, 206.2.3, 206.2.3.1, 206.2.4, 206.2.6.

XXXI.    Defendants fail to provide that the pipes under the lavatory are insulated, nonabrasive, or otherwise protected against contact thereby exposing plaintiff to severe personal injury. See 1991 Standards §§ 4.1.3(11), 4.19.4, 4.22.6, 4.24.6; and 2010 Standards §§ 213.3.4, 606.5.

XXXII.    Defendants fail to provide that the bottom edge of the reflecting surface of the mirror above the lavatory is no greater than 40 inches above the finished floor. See 1991 Standards §§ 4.1.3(11), 4.19.6, 4.23.6, 4.22.6; and 2010 Standards §§ 213.3.4, 603.3, 213.3.5.

XXXIII.    Defendants fail to provide the minimum required unobstructed floor space in front of the lavatory in the public toilet room. See 1991 Standards §§ 4.19.3, 4.1.3(11), 4.22.3, 4.22.6, 4.23.2 4.24.5; and 2010 Standards §§ 213.3.4, 606.2, 305, 306.

XXXIV.    Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the door to the toilet room and/or stall. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards §§ 404.2.4.1, 305.3, 604.8.1.2.

XXXV.    Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the toilet door exit. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards §§ 404.2.4.1, 305.3, 604.8.1.2.

XXXVI.    Defendants' interior toilet room door requires more than five pounds of force to open. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9, 604.8.1.2.

XXXVII.    Defendants fail to provide that the flush control is located on the open side of the water closet. See 1991 Standards § 4.16.5; and 2010 Standards § 604.6.

XXXVIII.    Defendants fail to provide rear and side toilet grab bars inside the toilet room. See Standards §§ 4.1.3(11), 4.17.3, 4.17.6, 4.22.4, 4.16.4; 2010 Standards § 604.5, 604.8.1.5, 609; and Administrative Code RS-16 § P104.09(c).

38.    The remediation necessary to provide an ADA compliant accessible entrance is known, architecturally possible, and financially achievable for the defendants. Remediation includes installation of a permanent exterior accessible ramp or installation of a permanent interior accessible ramp.

39.     Upon information and belief, a full inspection of the Mr. Chow's premises will reveal the existence of other barriers to access.

40.     As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Mr. Chow's premises to catalogue and cure all the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

41.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

42.     Defendants have not complied with their statutory obligation to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws.  Nor have Defendants made or provided accommodations or modifications for persons with disabilities.

43.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Mr. Chow's premises continue to exist and deter Plaintiff.

44.     Because Mr. Chow's restaurant is close to Dr. Bard's home and work, he desires to be able to patronize him patronize the after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

45.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

46.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a walker for mobility.

47.    The "General Rule" of the ADA is that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a).

48.    Defendants violate the ADA at 42 U.S.C. §12182(a) by denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of its public accommodation.

49.    The ADA at 42 U.S.C. §12182(b)(1)(A)(i) states that "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

50.    Defendants violate the ADA at 42 U.S.C. §12182(b)(1)(A)(i) by denying Plaintiff, because of his disability, the opportunity to participate in and benefit from the services, facilities, privileges, advantages, or accommodations offered by the Defendants.

12

51.    The ADA at 42 U.S.C. §12182(b)(1)(B) states that "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

52.    Defendants violate the ADA at 42 U.S.C. §12182(b)(1)(B) by failing to afford the disabled Plaintiff with its services, facilities, privileges, advantages, and accommodations in a setting that is integrated with non-disabled persons.

53.    Defendants fail to take measures to integrate people with disabilities and instead outright exclude people with disabilities like Plaintiff.

54.    The ADA at 42 U.S.C. §12182(b)(2)(A)(ii) defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."

55.    Defendants violate the ADA at 42 U.S.C. §12182(b)(2)(A)(ii) by failing to make reasonable modifications in their policies, practices, or procedures that would result in the disabled Plaintiff being able to enjoy its services, facilities, privileges, advantages, or accommodations.

56.    The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

57.    Defendants violate the ADA at 42 U.S.C. §12182(b)(2)(A)(iii) by failing to take all the necessary measures to "ensure that no individual with a disability is

excluded, denied services, segregated or otherwise treated differently than other individuals."

58.    Defendants violate the ADA at 42 U.S.C. §12182(b)(2)(A)(iii) by failing to take steps necessary to ensure that no individual with a disability is excluded, denied services, and/or segregated.

59.    Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can they escape liability by transferring their obligations to the other by contract (i.e., lease agreement).  28 C.F.R. 36.201(b).

60.    Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

61.    By failing to comply with the law in effect for decades, Defendants have articulated to people with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

62.    Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

63.    The Mr. Chow's premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

64.     Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

65.     The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

66.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

67.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

68.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

69.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

70.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create an accessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

71.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

72.     Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore has a disability within the meaning of the Executive Law § 296(21).

73.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed".  See Executive Law § 300 [effective date: August 12, 2019].

74.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

75.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability.

76.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants has aided and abetted others in committing disability discrimination.

77.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

78.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

79.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

80.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

81.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety.

82.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

83.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

84.     Plaintiff has various medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

85. Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)). Each of the Defendants has aided and abetted others in committing disability discrimination.

86. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

87. Defendants have discriminated and continue to discriminate against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

88. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

89. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

90. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and

18

privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

91.    Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, 322 East 57th Street, Inc. continuously controlled, managed, and operated the public sidewalk abutting 324 East 57th Street, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

92.    322 East 57th Street, Inc.'s failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

93.    Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

94.    Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

95.    Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL.  Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.  Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

96.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, stress, and embarrassment.

97.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

98.     By failing to comply with the law in effect for decades, Defendants have articulated to people with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

99.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

100.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

101.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

102.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

103.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

104.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each violation.

105.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### INJUNCTIVE RELIEF

106.    Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

107.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

108.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.   Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.   Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including, but not limited to, the violations set forth above;

C.   Issue a permanent injunction ordering Defendants to modify their policies, practices, procedures and/or conduct in compliance with the ADA, NYSHRL and NYCHRL so that Plaintiff is not excluded from and can have the full and equal enjoyment of the services, facilities, privileges, advantages, and/or accommodations offered by the Defendants;

D.   Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not recur;

E.   Award Plaintiff compensatory damages and nominal damages because of Defendants' violations of the NYSHRL and the NYCHRL;

F.   Award Plaintiff punitive damages to punish and deter the Defendants for their violations of the NYCHRL;

G.  Award Plaintiff the monetary penalties for each violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: February 12, 2026
        New York, New York

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:_____
        Glen H. Parker, Esq.
        Attorneys for Plaintiff
        28 Valley Road, Suite 1
        Montclair, New Jersey 07042
        Telephone: (347) 292-9042
        Email: ghp@parkerlawusa.com