# THE PARKER LAW GROUP P.C.

28 VALLEY ROAD
MONTCLAIR, NEW JERSEY 07043
PHONE: 347-292-9042
ghp@parkerlawusa.com

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.   5/18/2026

May 15, 2026

<u>Via ECF</u>

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York

> **Re:** *Robert Bard v. 322 East 57th Street, Inc., Mr. Chow New York Enterprises, Inc., and TC Ventures, LLC*
>
> **<u>Docket No. 1:26-cv-01212 (VSB) (KHP)</u>**

Dear Judge Broderick:

We represent the plaintiff in the above-entitled action. We respectfully write to ask the Court to adjourn the deadline for plaintiff to file for a default judgment against the non-appearing defendant, 322 East 57th Street, Inc., until the disposition of plaintiff's claims against the appearing co-defendants, Mr. Chow New York Enterprises, Inc. and TC Ventures, LLC.

The basis for this request is that "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the [trial] of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (S.D.N.Y. 1974); *see also Lite-Up Corp. v. Sony Music Corp.*, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) (holding that, where default but not default judgment had been entered as to one defendant, "[i]f the remaining defendants prevail, then the defaulting defendant will be exonerated, whereas if the plaintiff prevails on the merits, judgment will be entered against all defendants, including the defaulting party").

In this action, plaintiff seeks damages and injunctive relief to compel the defendants to perform accessibility modifications to bring their public accommodation restaurant into compliance with the ADA.  A default judgment against the non-appearing landlord-defendant 322 East 57th Street, Inc. would effectively grant plaintiff the ultimate injunctive relief against the appearing tenant-defendants and also impact the tenant-defendants' operations.  Accordingly, even though the defaulting and non-defaulting defendants may be held jointly and severally liable for the same damages, "deferring consideration of damages with respect to the defendants until after [plaintiffs'] contested claims are litigated will minimize the risk of inconsistent awards." *Harvey v. Home Savers Consulting Corp.*, 2008 WL 724152, at * 1 (E.D.N.Y. Mar. 17, 2008)(internal citations and quotations omitted); and *Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc.*, 2002 WL 31545845, at *3–4 (S.D.N.Y. Nov.13, 2002) (court declined to enter a final judgment against defaulting defendants because it was "apparent" that the defaulting and appearing defendants were "similarly situated" and appearing defendants were likely in privity with at least one defaulting defendant); and *RSM Prod. Corp. v. Fridman*, 643 F. Supp.

2d 382, 414 (S.D.N.Y. 2009) ("More than 125 years ago, the Supreme Court held that when a defendant defaults in an action asserting joint liability, judgment should not be entered against the defaulting defendant until the matter has been resolved against the other defendants[.]"), *aff'd*, 387 F. App'x 72, 76 (2d Cir. 2010).

      Plaintiff consequently respectfully asks the Court to adjourn the deadline for plaintiff to file for a default judgment against defendant 322 East 57th Street, Inc. until the disposition of plaintiff's claims against the appearing co-defendants Mr. Chow New York Enterprises, Inc. and TC Ventures, LLC.  Thank you for your time and attention to this matter.  With kindest regards, I am

very truly yours,

Glen H. Parker, Esq.

2